[676 NYS2d 501]

In the Matter of JULIANA M. CASSILIANO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 17, 1998

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Diana Maxfield Kearse* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order of this Court dated July 15, 1997, the respondent was suspended pursuant to Judiciary Law § 90 (4) (f), as a result of her conviction of a serious crime. In that same order, the Grievance Committee was authorized to institute

and prosecute a disciplinary proceeding against the respondent, and the issues raised in the proceeding were referred to the Honorable Geraldine T. Eiber, as Special Referee, to hear and report. The respondent was suspended by the Appellate Division, First Judicial Department, on April 24, 1997 (230 AD2d 366), for failing to re-register as an attorney, in violation of Judiciary Law § 468-a.

The Grievance Committee now moves to impose discipline upon the respondent based upon her failure to answer the petition, dated July 29, 1997, within 10 days as directed by this Court's order dated July 15, 1997. The petition contains one charge of professional misconduct predicated upon the respondent's plea of guilty in the United States District Court for the Northern District of New York, on October 18, 1996, to one count of wire fraud in violation of 18 USC § 1343. The respondent was sentenced on March 27, 1997 to a term of incarceration of 12 months and one day.

This Court's order dated July 15, 1997 was personally served on the respondent on September 17, 1997, at a Federal prison camp in Pekin, Illinois. On March 3, 1998, the Grievance Committee served the respondent with the instant notice of motion and accompanying affirmation via certified mail, return receipt requested.

The respondent has failed to appear in this proceeding and has not served an answer to the Grievance Committee's petition. She is, therefore, in default and the charges against her must be deemed established. The petitioner's motion is granted, the respondent is disbarred on her default, and her name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon her failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Juliana M. Cassiliano, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Juliana M. Cassiliano is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and holding herself out in any way as an attorney and counselor-at-law.